UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FREDERICK BANKS,**

      **Plaintiff,**

v.                                                                                     **Case No: 6:17-cv-521-Orl-37TBS**

**J.D. SCOTT, FNU GIBBS, MERIT
SYSTEM PROTECTION BOARD,
UNITED STATES DEPARTMENT OF
JUSTICE, FMC BUTNER and ACTING
DIRECTOR, FEDERAL BUREAU OF
PRISONS,**

      **Defendants.**

**ORDER**

THIS CAUSE is before the Court on Plaintiff Frederick Banks' Complaint and Petition for Writ of Mandamus (Doc. 1). Plaintiff is a federal prisoner being detained for criminal prosecution in the United States District Court for the Western District of Pennsylvania.[1] *See United States v. Banks*, 2:15-cr-168-MRH (W.D. Pa.).

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action in forma

---

[1] To the extent Plaintiff contends that the Prison Litigation Reform Act ("PLRA") does not apply to him because he is civilly committed, this argument is unavailing. Although Plaintiff's mental health is being evaluated in relation to his pending criminal proceeding, Plaintiff is still a prisoner because he is being held as a result of criminal charges. *See* 28 U.S.C. § 1915(h) ("the term 'prisoner' means any person incarcerated or *detained in any facility who is accused of*, convicted of, sentenced for, or adjudicated delinquent for, *violations of criminal law* or the terms and conditions of parole, probation, pretrial release, or diversionary program.") (emphasis added); *compare Troville v. Venz,* 303 F.3d 1256 (11th Cir. 2002) (concluding that the PLRA's full payment provision did not apply to the plaintiff, a civil detainee who was not charged with a crime or serving a term of incarceration).

pauperis under certain circumstances:

> (g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed in forma pauperis and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of the following federal cases previously brought by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) *Banks v. Orlando Police Dep't*, No. 16-14855 (11th Cir. 2016); *Banks v. One Named Defense Counsel*, 6:14-cv-555-Orl-36KRS (M.D. Fla. 2014); *Banks v. U.S. Marshal,* 274 F. App'x 631 (10th Cir. 2008); *Banks v. Pennsylvania*, No. CIV.A. 09-1437, 2010 WL 569545, at *1 (W.D. Pa. Jan. 4, 2010). Based upon these prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, he is not permitted to proceed in forma pauperis and was required to pay the filing fee at the time he initiated this action. Consequently, this case will be dismissed without prejudice.[2] Plaintiff may initiate a new action by filing a new complaint form **together with the full filing fee**.

---

[2] Plaintiff's claims are premised on the Bureau of Prisons ("BOP") deducting money from his prisoner account for payment of the filing fees in case numbers 6:16-cv-1080-Orl-40GJK (M.D. Fla.) and 16-14852 (11th Cir.). *See* Doc. 1 at 1-3. However, it does not appear that any filing fee payments have been made in either of these cases. Moreover, because the actions underlying Plaintiff's claims occurred where he is incarcerated and where Defendants are located, it appears Plaintiff's action should have been brought in Eastern District of North Carolina.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate any pending motions, close this case, and enter judgment dismissing this case without prejudice.

**DONE** and **ORDERED** in Orlando, Florida on March 27th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties